940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred FRANKLIN, Petitioner-Appellant,
v.
William H. DALLMAN, Supt., Respondent-Appellee.
 No. 91-3197.
 United States Court of Appeals, Sixth Circuit.
 July 31, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Fred Franklin, an Ohio prisoner, appeals a district court order dismissing a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Franklin has moved that the attorney who represented him in the district court be appointed to represent him here. The attorney has filed an appellate brief on Franklin's behalf, and the case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Franklin was indicted in May 1987 for felonious assault with a gun specification and a violence specification. A jury convicted him as charged in October 1987, and the trial court imposed a sentence of twelve to fifteen years actual incarceration. The Ohio Court of Appeals affirmed Franklin's conviction in an opinion filed November 17, 1988, and the Ohio Supreme Court denied leave to appeal.
 
 
 4
 In his habeas petition, Franklin presented nine grounds for relief: (1) prosecutorial misconduct through repeated statements about the defendant's alleged cocaine dealing, (2) improper exclusion of documents referred to in the impeachment of a defense witness (actually a witness for the prosecution), (3) improper cross-examination of the defense witness about prior convictions, (4) improper admission of unauthenticated evidence regarding a telephone conversation, (5) prosecutorial misconduct through improper comments during closing argument, (6) presence of alternate jurors in the jury room during deliberations, (7) insufficient evidence to convict, (8) trial court's refusal to grant a new trial after the prosecuting witness recanted his testimony, and (9) cruel and unusual punishment because of the enhanced prison term. The respondent's return of writ noted that grounds 1 through 5 and 8, as numbered above, were presented to the Ohio courts as issues of state law only; the respondent argued that those grounds were, therefore, not properly before the district court.
 
 
 5
 A magistrate's report and recommendation, filed March 28, 1990, considered all of Franklin's grounds for relief on their merits after determining that he had either raised them in state court or no longer had a remedy available by which he could properly do so. The magistrate then found that none of the grounds raised merited habeas relief and recommended that Franklin's petition be dismissed. Franklin filed timely objections to the magistrate's report in which he "object[ed] to each and every finding made by the Magistrate except those findings with reference to the lack of exhaustion of state remedies."
 
 
 6
 The district court overruled Franklin's objections, adopted the magistrate's report and recommendation, and dismissed the petition in a memorandum and order filed October 24, 1990. The district court did not consider issues 5, 6, and 9 in its review because Franklin made no specific objections to the magistrate's disposition of those issues. It then found that issues 1-4 were evidentiary in nature and did not deny Franklin a fundamentally fair trial, that a rational juror could have credited the prosecuting witness' testimony over that of the defense witness in finding sufficient evidence to convict, and that Sixth Circuit law requires an allegation that the state knowingly used the perjured testimony in order to warrant habeas relief. (No such allegation was made by Franklin.) A motion for a new trial or to alter or amend judgment was denied by the district court on January 21, 1991.
 
 
 7
 On appeal, Franklin abandons the arguments concerning the admission of the telephone conversation and cruel and unusual punishment (issues 4 and 9 above), but continues to argue the merits of his seven remaining claims.
 
 
 8
 Upon review, we affirm the district court's judgment because Franklin has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 9
 The abandoned issues concerning admission of the telephone conversation and cruel and unusual punishment are not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Franklin has waived review of the denial of his claims concerning the prosecutor's closing argument and the alternate jurors because he failed to file specific objections to the magistrate's proposed disposition of those issues. See Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Moreover, those claims, like Franklin's remaining claims, are meritless for the reasons stated by the district court.
 
 
 11
 We grant the motion for the appointment of counsel. The district court's judgment dismissing Franklin's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation