978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bradley WURTH, Petitioner-Appellant,
v.
Robert BROWN, Respondent-Appellee.
 No. 92-1361.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1992.
 
 Before MERRITT, Chief Judge, and ALAN E. NORRIS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Bradley Wurth, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted by a jury of first degree murder. He was sentenced to a natural life prison term. He filed an unsuccessful appeal in the Michigan Court of Appeals. The Michigan Supreme Court subsequently denied his leave to appeal.
 
 
 3
 Represented by counsel, Wurth then filed his current habeas petition in the federal district court raising three grounds for relief. First, he claimed that his Fifth Amendment rights were violated when the jury was informed that petitioner had exercised his right to remain silent and to counsel during the police interrogation. Second, petitioner maintained that the trial court erred in admitting certain statements made by him to the police after he had invoked his Miranda rights. Lastly, petitioner argued that the court erred in denying his second motion for a change of venue.
 
 
 4
 A magistrate judge carefully considered Wurth's claims and in a twenty-page report, recommended denying the habeas petition. Wurth's attorney filed timely but very general objections to the magistrate judge's report and recommendation, without raising any specific issue or challenging any specific finding contained therein. Upon de novo review in light of Wurth's objections, the district court adopted the report and recommendation of the magistrate judge and denied his petition on the merits. Alternatively, the district court denied Wurth's petition, concluding that he had filed only very general objections to the magistrate judge's report. It noted that these objections essentially had the same effect as would a failure to object.
 
 
 5
 Wurth has filed a timely appeal. On appeal, Wurth is proceeding pro se. He continues to argue the merits of his case. He requests leave to proceed as a pauper and the appointment of counsel.
 
 
 6
 Upon review, we affirm the judgment of the district court because Wurth has waived appellate review of his claims by only filing very general objections to the magistrate judge's report and recommendation. Failure to file objections to a magistrate judge's report waives a party's right to appeal the district court's judgment. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). A general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991). Because Wurth only made a general objection to the entirety of the magistrate judge's report and recommendation without specifying those issues of contention, he has waived appellate review of his claims.
 
 
 7
 Accordingly, we grant his request to proceed as a pauper, deny his request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.