Eloise HOWARD, Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 90–1641.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 29, 1991.

Decided May 6, 1991.

Mandel I. Allweil (argued), Van Benscho-ten, Hurlburt & Tsiros, Saginaw, Mich., for plaintiff-appellant.

Donna Morros Weinstein, Chief Counsel, Leslye E. Jones (argued), Dept. of Health and Human Services, Office of the General Counsel, Region V, Chicago, Ill., Janet L. Parker, Asst. U.S. Atty., Bay City, Mich., for defendant-appellee.

Before MARTIN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.

BOGGS, Circuit Judge.

Eloise Howard appeals from the district court's decision to grant summary judgment, affirming the Secretary's denial of her application for Social Security benefits under Title II of the Social Security Act. The district court initially referred this case to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B), and subsequently adopted the magistrate's recommendation to grant the defendant's summary judgment motion on April 2, 1990. Because we find that Howard's attorney failed to file specific objections to the magistrate's recommendation, we hold that Howard waived her right to appeal the district court's order.

I

A

Because of the procedural ground of our holding, only a brief overview of the facts of Howard's condition and of the substance of her proceedings before the Secretary is necessary. Howard has not worked regularly since December 1978, and not at all since 1979. She contends she is entitled to benefits because a disability prevents her from working. Howard had previously advanced this contention before the Secretary, having applied for benefits in January 1979. This prior application was denied in February 1980.

Howard re-applied for benefits on February 22, 1987. She alleged that she became unable to work in July 1979 because of the onset of reflex sympathetic dystrophy syndrome ("RSDS"). RSDS causes the sufferer to feel intense, and sometimes unbearable, pain as a result of a seemingly minor trauma. In Howard's case, the trauma was a slight kick to her right elbow by a co-worker at the Central Foundry plant of General Motors. Howard presented a great deal of medical evidence in support of her contention, and personally testified as to the effect that RSDS had wrought on her ability to work and perform daily living functions.

Howard's claim was denied by the Secretary on February 23, 1987, and was then denied upon reconsideration on June 10,

1987. Howard then appealed the decision to an Administrative Law Judge. On August 14, 1987, ALJ Dennis Runyan held a hearing to review Howard's claim. In his opinion of May 20, 1988, the ALJ found that Howard was not disabled. He found that Howard had RSDS, but that the condition was not disabling. He found that Howard's testimony was not fully credible, that her complaints of severe pain were not fully supported by the medical evidence, and that she possessed the residual functional capacity to perform light and sedentary work notwithstanding a theoretical total loss of use of her right arm because of the RSDS. Howard then appealed the ALJ's finding to the Appeals Council, which upheld the ALJ on November 17, 1988.

### B

Howard next filed suit pursuant to 42 U.S.C. § 405(g) in the United States District Court for the Eastern District of Michigan, asking for judicial review of the Secretary's decision. The case was assigned to Judge Churchill, who then assigned it to Magistrate Charles Binder for a report and recommendation. The Secretary filed a motion for summary judgment on June 30, 1989, but Howard did not file a competing summary judgment motion. Magistrate Binder granted the Secretary's motion on August 9, 1989, and filed a report and recommendation with the district court.

That report and recommendation included a final paragraph alerting Howard's counsel as to how to preserve issues for further appeal. That paragraph read as follows:

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1)(B). Failure to file objections constitutes a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140, 1065 [sic] S.Ct. 466, 88 L.Ed.2d 435 (1985).

*Magistrate's Report and Recommendation* at 10.

Howard's counsel filed papers entitled "Plaintiff's Objections to Magistrate's Report and Recommendation" on August 21, 1989. The text of this document, however, does not really support its title. The document in its entirety reads as follows:

NOW COMES Plaintiff, Eloise Howard, by and through her attorneys van Benschoten, Hurlburt & Tsiros, P.C., and hereby makes objection to and seeks review of the report and recommendation of the United States Magistrate that the findings of the Secretary be affirmed. This objection is made pursuant to 28 USC 636(b)(1)(B) and rule C–4(b) of Appendix C of the Local Court Rules of the United States District Court for the Eastern District of Michigan and is made for the following reasons and upon the following grounds:

1. This is an action brought by Plaintiff pursuant to Section 205(g) of the Social Security Act, as amended, in order to obtain judicial review of a final decision of the Defendant herein.

2. Plaintiff timely filed a Complaint in this Honorable Court, requesting that the final decision of the Defendant Secretary be reversed and that the social security disability benefits and/or social security supplemental insurance benefits be awarded pursuant to the applicable provisions of the Social Security Act, as amended.

3. Defendant Secretary, acting by and through his counsel, timely filed Defendant's Answer to Plaintiff's Complaint, along with a certified copy of the transcript of the proceedings.

4. This Court issued an "Order of Reference to Magistrate" designating the Honorable Charles E. Binder, United States Magistrate, to review and submit a report and recommendation for disposition in the above entitled action.

5. In accordance with Magistrate Binder's scheduling order, Plaintiff and Defendant timely filed their respective motions for summary judgment and their briefs in support.

6. In his Report and Recommendation dated May 25, 1988, Magistrate Hooe concluded that it is recommended that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and that the findings of the Secretary be affirmed.

7. Plaintiff now specifically objects to the determination of the Magistrate denying Plaintiff's request for relief.

8. In support of Plaintiff's Objections, Plaintiff relies on the Brief in support of its Motion for Summary Judgment, which was filed on May 30, 1989.

This document is odd for a number of reasons. First, it refers to a "Magistrate Hooe" in Paragraph 6, even though it clearly and correctly noted in Paragraphs 4 and 5 that the case was before Magistrate Binder. Second, it states in Paragraph 8 that it is relying on a "Motion for Summary Judgment," but no such motion was ever filed in this case.[1] Finally, no specific facts are ever alluded to regarding Howard's case, nor are any specific objections made to Magistrate Binder's report.

Judge Churchill issued an order dated April 2, 1990 stating that he had performed *de novo* review of the record, and adopted Magistrate Binder's report and recommendation completely. This timely appeal followed.

## II

■ This case requires us to interpret our holding in *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Pursuant to our supervisory powers, we held in *Walters* that a party waives his or her right to appeal by failing to file objections to a magistrate's report and recommendation within ten days after the report is filed. *Walters*, 638 F.2d at 949–50. We also held that the parties must be notified by the magistrate that failure to file the objections constitutes a waiver of appeal. *Id.* at 950. Judge Binder's paragraph of notification, clearly entitled *"Review,"* meets this

requirement, and we have applied the *Walters* rule to appeals from denials of social security benefits. *See Moore v. Secretary of Health and Human Services*, No. 89–6373, 891 F.2d 291 (unpublished opinion) (December 14, 1989). *See, e.g., Crum v. Sullivan*, 921 F.2d 642 (6th Cir.1990) (failure to object to one issue in a magistrate's report precludes subsequently raising that issue on appeal, even if objections are filed on other issues).

Our power to impose such an administrative rule was upheld by the Supreme Court in *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The Court held that such a rule was not required by the Magistrates Act, but that each circuit was within its supervisory powers to install such a rule. *Arn*, 474 U.S. at 155, 106 S.Ct. at 475. Thus far, most, but not all, of our fellow circuits have joined us in installing such a rule. *See, e.g., Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir.1986); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1983), *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).

■ It is arguable in this case that Howard's counsel did not file objections at all. The paper that they did file clearly used paragraphs from a stock objection form, and referred to persons and documents not involved in this case. In light of the poor draftsmanship of the paper, it is hard to see how a district court reading it would know what Howard thought the magistrate had done wrong.

Despite this, the paper did evince an intent to object to something in the magistrate's report. At minimum, Judge Churchill was apprised by Paragraph 7 of the paper of Howard's belief that the magistrate's denial of her application was wrong. We, therefore, interpret this paper as being a general objection to the entire magistrate's report, and are called upon to decide if such a general objection satisfies

---

**1.** The district court docket sheet does not record any such document, and Howard's counsel admitted at oral argument that his firm had not filed a summary judgment motion in Howard's case.

the rule we announced in *Walters* and affirmed by *Arn*. We hold that it does not.

Our decision that a general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy *Walters* is based on the purposes for which the use of magistrates were authorized. We noted in *Walters* that "the fundamental congressional policy underlying the Magistrate's [sic] Act [is] to improve access to the federal courts and aid in the efficient administration of justice." *Walters*, 638 F.2d at 949. *See also Park Motor Mart*, 616 F.2d at 605 ("[t]he purpose of the Federal Magistrates Act is to relieve courts of unnecessary work"). To this end, we noted that judicial efficiency would be served by the filing of objections because such filing permits the district court "to consider the *specific* contentions of the parties." *Walters*, 638 F.2d at 950 (emphasis added). Thus, although the issue of general objections was not before us in *Walters*, we clearly thought that objections were to be specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious.

In *Arn*, the Court also had this understanding of the purposes of the Magistrates Act, and similarly assumed that objections were to address specific concerns with the magistrate's report. The Court stated that our rule was "supported by sound considerations of judicial economy." *Arn*, 474 U.S. at 147, 106 S.Ct. at 471. The requirement of objections permitted the district court to "focus attention on those issues ... that are at the heart of the parties' dispute," *id.*, thereby preventing the district court from being "sandbagged" by a failure to object. "Absent such a rule, any issue before the magistrate would be a proper subject for appellate review," *Arn*, 474 U.S. at 148, 106 S.Ct. at 471, and this would be an inefficient use of judicial resources.

A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report. *See Arn*, 474 U.S. at 148, 106 S.Ct. at 471.

We also note that other circuits with a similar rule to that announced in *Walters* have also treated a general objection the same as a failure to file an objection. The Seventh Circuit stated in *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (1988) that "an objection stating only 'I object' preserves no issue for review.... A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir.1989). *See, e.g., Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.1984). The paper submitted by Howard's counsel would cause even the most perspicacious judge to guess at its meaning, and the district court judge should not be forced to waste time interpreting such requests.[2]

2. We also must comment on another point entirely separate from the poor draftsmanship of Howard's objection. On appeal, both in the brief and at oral argument, Howard's counsel stated that ALJ Runyan consistently denies the benefit applications of minority claimants. *See* Plaintiff's Brief at 1, n. 1. This suggestion that bigotry underlay the ALJ's determination that Howard was not eligible for benefits, a claim completely unsupported in the record before this court, was not well received by this panel and will not be countenanced in the future by this court. Counsel are advised that personal aspersions, whether they be cast at opposing counsel or members of the judiciary, have no place in argument before us unless they are strictly pertinent to a legal issue, such as the imposition of Rule 11 sanctions or claims of judicial or prosecutorial misconduct.

## III

For the foregoing reasons, the district court's order denying Howard benefits is AFFIRMED.