977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard HAYES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-1332.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Hayes appeals from a judgment affirming the Secretary's denial of his application for social security disability benefits and supplemental security income. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have expressly waived oral argument in this case.
 
 
 2
 In his applications, Hayes alleged that he became disabled on November 22, 1979, because of injuries to his back, right arm and groin. An Administrative Law Judge (ALJ) found that Hayes was not disabled because a significant number of light and sedentary jobs were available to him despite these impairments. This opinion became the final decision of the Secretary on August 12, 1991, when the Appeals Council declined further review. On February 28, 1992, the district court adopted a magistrate judge's recommendation and awarded summary judgment to the Secretary. It is from this judgment that Hayes now appeals.
 
 
 3
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 4
 Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 In the instant case, the ALJ found that Hayes had not engaged in substantial gainful activity since the alleged onset of his disability, that he met the earnings requirements of the Social Security Act until December 31, 1982, and that he was unable to perform his past work. These findings are not in dispute. However, the ALJ also found that Hayes's impairments did not meet or equal any of the descriptions that are listed in Appendix 1 to the regulations and that Hayes retained the capacity to perform a significant number of light and sedentary jobs.
 
 
 6
 Hayes first argues that his condition equals the impairment that is listed at § 1.13 of Appendix 1. That section reads as follows:
 
 
 7
 Soft tissue injuries of an upper or lower extremity requiring a series of staged surgical procedures within 12 months after onset for salvage and/or restoration of major function of the extremity, and such major function was not restored or expected to be restored within 12 months after onset.
 
 
 8
 A claimant is disabled if his condition is equivalent to a listed impairment, even if it does not exactly match the impairment described in the Appendix. However, it is undisputed that Hayes worked for more than ten years after the injury to his arm. Moreover, Hayes did not endure a series of staged surgical procedures during the claimed disability period. See Lapinsky v. Secretary of HHS, 857 F.2d 1071, 1073 (6th Cir.1988) (per curiam). Finally, Hayes's left arm is still intact, and even the total loss of only one extremity is insufficient to create disability per se. See id. Thus, Hayes has not shown that his condition was equivalent to the impairment described in § 1.13.
 
 
 9
 Since Hayes cannot perform his past work, the burden shifted to the Secretary to show that a significant number of other jobs were still available to him. Hayes argues that the Secretary improperly relied on the "grids" that are found at Appendix 2 of the regulations to meet this burden, as he could not perform a full range of sedentary work prior to the expiration of his insured status. However, a claimant's inability to perform a full range of work at a given level merely prevents exclusive reliance on the grids. Thus, it was appropriate for the Secretary to meet his burden by relying on the testimony of a vocational expert within the framework of the grids. See Maziarz v. Secretary of HHS, 837 F.2d 240, 246 (6th Cir.1987).
 
 
 10
 Hayes also argues that the ALJ's hypothetical question to the vocational expert was inaccurate because it was based on a finding that Hayes could perform light work after the expiration of his insured status. However, a report by Hayes's treating physician supports the ALJ's finding that Hayes can perform the exertional requirements of light work. Moreover, the vocational testimony indicates that a significant number of light and sedentary jobs were available to Hayes despite his impairments.
 
 
 11
 Finally, Hayes argues that he cannot perform some of the jobs identified by the vocational expert because they may involve stress, because his medications induce drowsiness or because his hemorrhoids prevent him from sitting for long periods of time. He also argues that the vocational expert's testimony is undermined by an assessment from a private vocational service. However, Hayes has waived appellate review of these arguments because they were not clearly raised in his objections to the magistrate's report and recommendation. See Howard v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir.1991).
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.