978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. KONDRAT, Plaintiff-Appellant,
v.
CITY OF WILLOUGHBY HILLS; Melvin G. Schaefer, Mayor, City
of Willoughby Hills; Barry M. Byron, Law Director, City of
Willoughby Hills; John Jur, Council President, City of
Willoughby Hills; H.F. Inderlied, Jr.; John Doe Insurance
Company, Defendants-Appellees.
 No. 92-3510.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 ORDER
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This pro se litigant appeals the district court's order dismissing his suit filed pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Racketeer Influenced and Corrupt Organizations Act (RICO), specifically 18 U.S.C. §§ 1962 and 1964. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert J. Kondrat sued the City of Willoughby Hills, the Mayor of Willoughby Hills, the Law Director of Willoughby Hills, City Council President of Willoughby Hills, a judge of the Lake County, Ohio, Court of Common Pleas, and certain John Doe insurance companies, for violations of the above-referenced civil rights statutes, and the RICO Act. Specifically, he alleged that the defendants conspired to fabricate a criminal charge against him for properly exercising his First Amendment right, and thereafter the defendants conspired against him to frustrate his efforts to obtain legal relief through the courts for the unlawful prosecution. Kondrat sought monetary and injunctive relief.
 
 
 3
 The defendants filed a motion to dismiss and also sought sanctions in the form of an injunctive order that would bar Kondrat from filing future pro se complaints involving the same issues as raised in previous state and federal court proceedings. The matter was referred to a magistrate judge who issued a report recommending that the motion be granted and that sanctions be denied. The report and recommendation contained the warning that failure to object within ten days of receipt of the report and recommendation would constitute a waiver of the right to appeal. Noting that Kondrat filed only general and conclusory objections to the magistrate judge's report and recommendation, the district court adopted the recommendation and entered an order dismissing the case on April 24, 1992. This appeal followed.
 
 
 4
 Upon review, we conclude that Kondrat has waived his right to appellate review by this court of all his claims. This court requires litigants to file specific and timely objections to magistrate judges' reports and recommendations under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). The objection requirement is not jurisdictional and may be excused, however, in particular cases in the interest of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Where a magistrate judge prepares a report and recommendation, only the issues to which objections are filed are reviewable upon adoption of the report and the right to appeal is waived as to unopposed issues. Smith, 829 F.2d at 1373.
 
 
 5
 This court notes that Kondrat did not specifically object to any portion of the magistrate judge's report. He filed a document entitled "Objection To Report And Recommended Decision Of Magistrate" on April 6, 1992. The text of the document, however, does not really support its title. The document, at best, presents only general and conclusory objections. No specific contentions are presented. Because Kondrat failed to effectively raise any specific objections to the magistrate judge's report and recommendation, he waived his right to appellate review by this court. Furthermore, this appeal does not present exceptional circumstances that warrant excusing the objection requirement. The complaint fails to go beyond legal conclusions or unwarranted factual inferences. Finally, the arguments in Kondrat's brief do not raise any meritorious issues.
 
 
 6
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.