989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rodney ROGERS, Plaintiff-Appellant,
v.
BOONE COUNTY; U.S. Court; New York City; U.S. Government;
Mike Merrell, Deputy; Edward Prindle, Captain;
John Schickel, Jailer, Defendants-Appellees.
 No. 92-5997.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 1
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Rodney Rogers appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rogers alleged that one or more of the defendants violated his constitutional rights when they tried to force his participation in a lineup and when they beat him because he refused to participate. He also alleged that the defendants would not allow him to call his attorney, that they did not treat his injuries from the beating, and that they subsequently encouraged another inmate to attack him. On July 6, 1992, the district court adopted a magistrate judge's recommendation and dismissed the case under 28 U.S.C. § 1915(d). Rogers now appeals. His brief contains requests for pauper status, for counsel and for transcripts.
 
 
 4
 We will construe the judgment in this case under Fed.R.Civ.P. 12 insofar as Rogers had an opportunity to explain the defects in his complaint by responding to the magistrate's report. Dismissal under Rule 12 is appropriate when a plaintiff can prove no set of facts that would entitle him to relief, even if the complaint is examined in a light most favorable to him and all of his factual allegations are accepted as true. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 5
 The magistrate construed Roger's claims under the First, Sixth, Eighth and Fourteenth Amendments. However, the magistrate also found that these claims lacked merit because Rogers did not participate in the disputed investigation or lineup, because the alleged assault was not based on County custom or policy, because Rogers did not have a serious medical need, and because the defendants' alleged actions did not prevent him from pursuing any specific litigation. Rogers did not raise specific objections to these findings. He has, therefore, waived appellate review of his claims under the First, Sixth, and Eighth Amendments, as well as his Fourteenth Amendment claim insofar as it did not involve defendant Merrell. See Howard v. Secretary of HHS, 932 F.2d 505, 509 (6th Cir.1991).
 
 
 6
 Rogers's excessive force claim against Merrell was subject to dismissal because he was not clearly identified as a defendant in the complaint. See Fed.R.Civ.P. 10(a); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.1992). Dismissal was also proper because this claim was barred by the applicable one-year statute of limitations. See Ky.Rev.Stat. § 431.140(1)(a); Vandiver v. Hardin County Bd. of Educ., 925 F.2d 927, 930 (6th Cir.1991).
 
 
 7
 Accordingly, Rogers's requests for miscellaneous relief are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation