996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald G. BOWERS, Petitioner-Appellant,
v.
John MAKOWSKI, Warden, Riverside Correctional Facility,
Respondent-Appellee.
 No. 93-1023.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: MARTIN, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Ronald G. Bowers, a pro se Michigan state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He has filed a motion to waive the filing of the appendix, a motion for bond pending disposition of his appeal, and a motion for immediate habeas corpus relief and/or remand to the state court for a determination regarding a state rule of law. The respondent has filed a response to Bowers's motion for bond. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On April 18, 1989, Bowers was convicted by a jury of second degree criminal sexual misconduct in the Hillsdale County Circuit Court. On June 29, 1989, a separate jury convicted Bowers on a charge of habitual offender, third offense. Bowers was sentenced to prison for a term of twenty to thirty years. His convictions were affirmed by the Michigan Court of Appeals in an unpublished per curiam opinion on March 27, 1991. On October 28, 1991, the Michigan Supreme Court denied Bowers's delayed application for leave to appeal.
 
 
 3
 On January 8, 1992, Bowers filed his petition for habeas corpus relief, based upon arguments: 1) that he was deprived of due process when the trial court allowed in-court identifications of him and admitted evidence of improper out-of-court identifications, and 2) that he was denied his Sixth Amendment right to a speedy trial. Both issues were presented to the Michigan courts; therefore, for purposes of habeas corpus review, they are exhausted.
 
 
 4
 The matter was referred to a magistrate judge who issued a report and recommendation that the petition for habeas corpus be denied. The magistrate judge concluded that the identification procedures used in Bowers's case were not unduly suggestive and that Bowers was not denied his right to a speedy trial. Upon de novo review of the magistrate judge's report and recommendation and Bowers's objections, the district court adopted the report and recommendation in an opinion dated October 28, 1992, with judgment denying Bowers's petition entered October 30, 1992.
 
 
 5
 Upon review, we affirm the judgment denying Bowers's petition for a writ of habeas corpus because Bowers has not been denied a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). "The ultimate finding of whether [an] identification was sufficiently reliable so as not to offend appellant's rights under the due process clause is, of course, a question of law, subject to full review by this court." Smith v. Perini, 723 F.2d 478, 481 (6th Cir.1983), cert. denied, 466 U.S. 941 (1984). Based on our review of the record, we conclude that the admission of the identification was fair and proper under the totality of the circumstances. See Neil v. Biggers, 409 U.S. 188, 199 (1972). We find nothing impermissibly suggestive with regard to the pretrial identification procedures.
 
 
 6
 Upon further review, we conclude that Bowers has waived his right to appellate review by this court of his speedy trial claim because he did not specifically object to any portion of the magistrate judge's report addressing that claim. See Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir.1987). This appeal does not present exceptional circumstances that warrant excusing the objection requirement. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). The short length of the delay (approximately seven months from the time of Bowers's arrest to the day of his trial) in large part resulted from the need to resolve pretrial motions filed by Bowers. Moreover, nothing in the record suggests that Bowers asserted his right to a speedy trial prior to his trial, or that he was prejudiced as a result of the delay. See Barker v. Wingo, 407 U.S. 514, 530 (1972).
 
 
 7
 For the foregoing reasons, the motion to waive the filing of the appendix is denied, the motion for bond pending disposition of this appeal is denied, the motion for immediate habeas corpus relief and/or remand to the state court is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.