9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dakkar A. GUY, Petitioner-Appellant,
v.
Terry PITCHER, Warden, Respondent-Appellee.
 No. 93-1240.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MERRITT, Chief Judge; JONES, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Dakkar A. Guy, a pro se Michigan prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 29, 1987, Guy was convicted by an Eaton County Circuit Court jury of four counts of assault with intent to commit murder. He was sentenced on October 23, 1987, to a mandatory term of two years for using a firearm in the commission of a felony to be followed by four life sentences. On June 14, 1990, Guy's convictions and sentences were affirmed in an unpublished per curiam opinion by the Michigan Court of Appeals. Leave to appeal was denied by the Michigan Supreme Court on March 29, 1991.
 
 
 3
 Thereafter, Guy filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Michigan, raising five issues. The petition was dismissed on March 9, 1992, because one of the claims had not been exhausted.
 
 
 4
 On April 16, 1992, Guy filed a second petition for a writ of habeas corpus omitting the non-exhausted claim. The following claims were asserted:
 
 
 5
 1) whether minorities were unfairly excluded from petitioner's petit jury;
 
 
 6
 2) whether counsel was ineffective when the waiver hearing was delayed for the preparation of transcripts and the waiver was not appealed;
 
 
 7
 3) whether petitioner's right to a speedy trial was violated; and
 
 
 8
 4) whether the evidence was sufficient to establish beyond a reasonable doubt that he was guilty of four counts of assault with intent to commit murder.
 
 
 9
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied as meritless. The report and recommendation contained the warning that failure to object within ten days of receipt of the report and recommendation would constitute a waiver of the right to appeal. Noting that Guy filed only a general objection to the report and recommendation, the district court adopted the report and recommendation and entered judgment dismissing the case on January 2, 1993.
 
 
 10
 Upon review, we affirm the district court's judgment because Guy has waived his right to appellate review by this court of all of his claims. This court requires litigants to file specific and timely objections to magistrate judges' reports and recommendations under 28 U.S.C. Sec. 636(b)(1)(c) in order to preserve the right to appeal a subsequent order of the district court adopting that report. See Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Where a magistrate judge prepares a report and recommendation, only the issues to which objections are filed are reviewable upon adoption of the report, and the right to appeal is waived as to unopposed issues. Smith, 829 F.2d at 1373. The objection requirement is not jurisdictional and may be excused, however, in particular cases in the interest of justice. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 11
 Guy did not specifically object to any portion of the magistrate judge's report. The document, at best, presents a general objection. Because Guy failed to effectively raise any specific objections to the magistrate judge's report and recommendation, he waived his right to appellate review by this court.
 
 
 12
 Furthermore, this appeal does not present exceptional circumstances that, in the interest of justice, warrant excusing the objection requirement. Guy failed to establish a prima facie case that minorities were systematically excluded from the jury array. He also failed to show how trial counsel's decision to delay the waiver proceedings constituted ineffective assistance of counsel. Moreover, he was not denied his right to a speedy trial. Much of the delay was attributed to the preparation of the grand jury transcripts. Trial was also delayed because the waiver hearing was continued on two separate occasions due to defense counsel's scheduling conflicts, because the trial judge recused himself, and because an impartial jury could not be seated in the county where the crime took place. Finally, considering the nature of the weapon used and the callousness exhibited by the assailants, habeas relief premised on the existence of insufficient evidence was not warranted.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.