12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Howard T. PARGEN, Petitioner-Appellant,
v.
Patrick T. CASEY, Warden, Respondent-Appellee.
 No. 93-5383.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 1
 Before: KEITH and JONES, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Howard T. Pargen, a pro se federal prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellee has informed the court that he will not be filing a brief.
 
 
 3
 In 1978, Pargen pleaded guilty to four counts of selling a controlled substance in the Montgomery County (Kentucky) Circuit Court. Pargen was sentenced to three years of imprisonment. The Kentucky appellate courts affirmed the conviction in subsequent post conviction challenges.
 
 
 4
 Pargen is now serving a federal sentence for an undisclosed conviction. He filed his request for habeas relief arguing that his federal sentence was illegally enhanced as a result of his state conviction. The case was referred to a magistrate judge who recommended that the petition be dismissed because Pargen was not in custody pursuant to a state court conviction that can be challenged under Sec. 2254. In addition, the magistrate judge noted that Pargen's proper form of relief was to challenge his federal sentence under 28 U.S.C. Sec. 2255.
 
 
 5
 Pargen did not file specific objections; rather, he simply requested that his petition be withdrawn under Sec. 2254 and be resubmitted as a motion for a writ of "Error Coram Nobis." The district court noted that the writ of coram nobis was abolished by Fed.R.Civ.P. 60(b) and agreed with the magistrate judge that Pargen's proper avenue for relief was to challenge his federal sentence.
 
 
 6
 In his timely appeal, Pargen contends that the district court erred by not conducting an evidentiary hearing and that his illegal state conviction cannot be used to enhance his federal sentence. He requests the appointment of counsel and oral argument.
 
 
 7
 Upon de novo review, we conclude that the district court properly dismissed Pargen's petition because Pargen has not presented a cognizable claim under 28 U.S.C. Sec. 2254.
 
 
 8
 Pargen has waived his right to appeal as he failed to file specific objections to the magistrate judge's report. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991). Nonetheless, we conclude that the petition was properly dismissed for the reasons expressed by the magistrate judge in his report and recommendation dated February 2, 1993, and as adopted by the district court in its order filed on February 11, 1993.
 
 
 9
 Accordingly, we deny the requests for relief and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation