54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mona HARMON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-6065.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1995.
 
 1
 Before: JONES and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Mona Harmon appeals a district court judgment that affirmed the Secretary's denial of her application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 An Administrative Law Judge ("ALJ") found that Harmon had "severe cervical and lumbosacral spine degenerative arthritis and sequelae; shortness of breath; asthma; a histrionic/conversion personality disorder with somatic complaint features; and a mild depressive disorder." However, the ALJ found that Harmon's impairments did not meet or equal any of the impairments that are listed in Appendix 1 to the regulations. He found that Harmon was not disabled because she could still perform her past work as a salesperson and also because she could perform a limited but significant number of other light and sedentary jobs. The ALJ's opinion became the final decision of the Secretary on January 26, 1993, when the Appeals Council declined further review.
 
 
 4
 Harmon filed a timely complaint in federal district court and a magistrate judge issued a report recommending that the Secretary's motion for summary judgment be granted. After considering Harmon's sole objection to this report, the district court adopted the magistrate judge's recommendation and awarded summary judgment to the Secretary, on July 18, 1994. It is from this judgment that Harmon now appeals.
 
 
 5
 Harmon's arguments on appeal focus exclusively on her spinal injuries and pain. She has, therefore, abandoned any arguments that she might have regarding her other impairments. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986). In her objections to the magistrate judge's report, Harmon specifically argued only that sufficient deference had not been given to the report of her treating physician. She has not developed this argument on appeal, and it is also abandoned for purposes of appellate review. See id.
 
 
 6
 Harmon now argues that her condition is equal in severity to a listed impairment, that the ALJ improperly analyzed her complaints of disabling pain and that the ALJ's questioning of a vocational expert ("VE") was improper. Harmon has waived appellate review of these arguments by failing to raise them as specific objections to the magistrate judge's report. See Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Harmon attempted to incorporate her summary judgment motion into her objections, but her general objection is not sufficient to preserve these issues for appellate review. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). It would not serve the interests of justice to overlook Harmon's waiver because substantial evidence supports the Secretary's determination that she was not disabled.
 
 
 7
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation