64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald WALLACE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-2065.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Ronald Wallace appeals a district court order affirming the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Wallace filed a disability application with the Secretary, alleging that he suffered from seizures. Following a hearing, the Administrative Law Judge (ALJ) determined that Wallace was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. Upon review, the Appeals Council remanded the case to the ALJ for further consideration. The ALJ again determined that Wallace was not disabled. Upon review of this decision, the Appeals Council again remanded the case for further consideration by the ALJ. A new ALJ concluded that Wallace was not disabled because he had the residual functional capacity to perform a significant number of jobs in the regional and national economy. The Appeals Council affirmed this determination. Wallace then filed a complaint seeking judicial review of the Secretary's decision. Over Wallace's objections, the district court adopted the magistrate judge's report and recommendation, concluded that the Secretary's decision was supported by substantial evidence, and granted summary judgment for the defendant. Wallace has filed a timely appeal.
 
 
 3
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). We conclude that Wallace has waived consideration of his claim that the Secretary did not properly consider his condition as a whole because he did not specifically raise this objection to the magistrate judge's report and recommendation. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). We also conclude that the Secretary did not disregard the disability determination of a treating physician, as Dr. Kafi was merely an evaluating, not treating, psychiatrist. Lastly, Dr. Kafi and Dr. Wehmer first examined Wallace well after the expiration of his insured status and their conclusions of disability are only minimally probative of his condition prior to the expiration of that status. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam).
 
 
 4
 Accordingly, we affirm the district court's judgment.