76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence L. HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3528.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1996.
 
 Before: CONTIE, NELSON and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Clarence L. Harris appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury found Harris guilty of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Harris to 120 months of imprisonment and eight years of supervised release. On appeal, this court affirmed Harris's conviction and sentence. United States v. Harris, Nos. 92-4149, etc. (6th Cir. Mar. 22, 1994) (per curiam).
 
 
 3
 Harris subsequently filed a motion to vacate sentence, alleging that: (1) his arrest resulted from an illegal search and seizure when police stopped the van he was driving; (2) he received ineffective assistance of counsel because counsel did not file a motion to suppress the evidence from the illegal search and seizure or raise the issue on direct appeal; (3) the police conducted an improper inventory search of his van in violation of the Fourth Amendment; (4) he received ineffective assistance of counsel because counsel did not move to suppress certain illegally obtained statements; (5) he received ineffective assistance of counsel when counsel did not challenge the admission of statements made by his co-conspirators; and (6) the trial court did not inform him that he could appeal his sentence. Harris subsequently amended his motion and raised three additional issues for review: (7) the government did not comply with the requirements of 21 U.S.C. § 851 for enhancing his sentence; (8) his conviction violated the Double Jeopardy Clause; and (9) he received ineffective assistance of counsel because counsel did not file a motion for severance. Harris filed only conclusory objections to the magistrate judge's report, raising no specific objections except to the magistrate judge's conclusion that trial counsel's failure to file a motion to suppress the evidence obtained from the search of the van did not constitute ineffective assistance of counsel. Over Harris's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case. Harris has filed a timely appeal, in which he requests the appointment of counsel.
 
 
 4
 Upon review, we conclude that the district court properly denied Harris's motion to vacate sentence. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994).
 
 
 5
 Initially, we note that Harris waived review of all of his claims except the claim of ineffective assistance of counsel for failure to file a motion to suppress, because he did not raise them in his objections to the magistrate judge's report and recommendation. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). As to Harris's claim that he did not receive effective assistance of counsel, we conclude that Harris has failed to demonstrate that he was prejudiced by any alleged error of his counsel, and he therefore has failed to establish that his counsel's assistance was ineffective. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 Accordingly, we deny Harris's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.