UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TEXAS THOMAS DAVIS, JR.,
Petitioner-Appellant,

v.                                                                          No. 99-6791

MICHAEL E. BUMGARNER,
Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-98-564-5-BR2)

Submitted: November 4, 1999

Decided: November 15, 1999

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Herscal Peele Williams, Jr., TWIFORD, MORRISON, O'NEAL,
VINCENT & WILLIAMS, L.L.P., Elizabeth City, North Carolina, for
Appellant. Clarence Joe DelForge, III, OFFICE OF THE ATTOR-
NEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Texas Thomas Davis, Jr., seeks to appeal the district court's order dismissing his petition filed under 28 U.S.C.A.§ 2254 (West 1994 & Supp. 1999). Davis's case was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (1994). The magistrate judge recommended that relief be denied and advised Davis that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation. On appeal, Davis seeks to raise several issues not addressed in his objections to the magistrate judge's report.

Specific objections are necessary in order to focus the court's attention on disputed issues. See Thomas v. Arn, 474 U.S. 140, 148 (1985). Therefore, a party's objection must direct the court's attention to specific portions of the record. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). Davis's failure to raise these claims in his objections waived appellate review. See Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985).

Construing Davis's objections liberally, however, we will briefly address two arguments, alluded to in Davis's objections, not addressed by the district court, and raised again by Davis on appeal. First, the limitations period for § 2254 petitions in 28 U.S.C.A. § 2244(d) (West Supp. 1999) does not violate the Suspension Clause of the Constitution. See Mueller v. Angelone, 181 F.3d 557, 572-73 (4th Cir. 1999), cert. denied, ___ U.S. ___, 1999 WL 720053 (U.S. Sept. 16, 1999) (No. 99-6143, 99A222). Second, Davis's original, timely § 2254 petition was dismissed without prejudice for failure to particularize claims. After this petition was dismissed, however, the limitation period was not tolled. See 28 U.S.C.A. § 2244 (d)(2) (West Supp. 1999).

2

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3