**Scott SPURLOCK, Plaintiff–Appellant,**

v.

**The UNIVERSITY OF CINCINNATI, Defendant–Appellee.**

**No. 01–3303.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

*ORDER*

Scott Spurlock, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights complaint construed as being filed under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.;* the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.;* and 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified damages, Spurlock sued the University of Cincinnati contending that the University never took his disability into consideration and gave him

---

\* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

failing grades in a discriminatory manner. In one of his pleadings Spurlock also discusses racism in the University which the district court construed as a civil rights allegation.

The case was referred to a magistrate judge who recommended that the complaint be dismissed pursuant to Fed. R.Civ.P. 12(b)(6). Spurlock did not file objections to the magistrate judge's report. As no objections were filed, the district court adopted the magistrate judge's report and dismissed the case.

In his timely appeal, Spurlock's rambling brief consists mostly of questions and quotations by famous Americans. The district court's judgment is reviewed de novo. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

Spurlock has waived appellate review of his arguments. The case was referred to a magistrate judge who recommended dismissing the case for failure to state a claim under Rule 12(b)(6). Spurlock was notified pursuant to *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), that his failure to file specific objections to the magistrate judge's report would constitute a waiver of his claims on appeal. Spurlock failed to file specific objections to the magistrate judge's report. Thus, Spurlock has waived appellate review of his arguments. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508–09 (6th Cir.1991).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.