Albert D. THROWER, Plaintiff–
Appellant,

v.

Betty MONTGOMERY; Bob Taft; Reginald Wilkerson; Margarette T. Ghee; Ohio Adult Parole Authority, Defendants–Appellees.

No. 02–3061.

United States Court of Appeals,
Sixth Circuit.

Nov. 1, 2002.

Before MARTIN, Chief Circuit Judge; NELSON, and GILMAN, Circuit Judges.

## ORDER

Albert Thrower, proceeding pro se, appeals a district court order and judgment dismissing his amended civil rights action filed under 42 U.S.C. §§ 1983, 1985(3), and various other federal and state statutes. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In an amended complaint, Thrower and a number of coplaintiffs sued numerous state officials and private individuals including the Ohio attorney general, governor, director of the Ohio Department of Rehabilitation and Corrections, chief of the Ohio Adult Parole Authority, chairman and members of the Ohio Parole Board, prosecutors, the Akron Police Department, a "John Doe" bank, and the current owners and renters of property forfeited to the state. Thrower alleged that the private individuals acted in conspiracy with the government officials and sued all defendants in their individual and official capacities for monetary damages in excess of $1 billion, as well as declaratory and injunctive relief. Thrower also sought class certification with himself as lead plaintiff.

Thrower, claiming to speak for all coplaintiffs, alleged that changes in Ohio's parole guidelines violated the Ex Post Facto Clause by increasing the punishment for their crimes. He further asserted that the new parole guidelines violated the doctrine of separation of powers, the Eighth Amendment, equal protection, the Fourteenth Amendment guarantees of substantive and procedural due process, the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and constituted an unlawful bill of attainder. Thrower also asserted that the plaintiffs were denied mitigation hearings in violation of a consent decree. He raised specific allegations of wrongdoing, including a claim of retaliation, against Summit County Prosecutor Lynn Slaby, and brought supplemental state claims, including breach of contract in connection with his plea agreement. Finally, specific allegations relating to several of the individual coplaintiffs were raised.

A magistrate judge recommended that the complaint be dismissed for failure to state a claim in a report filed on October 9, 2001. The district court overruled Thrower's objection, adopted the magistrate judge's report and recommendation in its entirety, and dismissed the action in an opinion and order entered on December 7, 2001. A separate judgment was entered the same day. In its opinion, the district court noted that all plaintiffs except for Thrower had failed to file objections and so had waived their right to appeal the magistrate judge's report and recommendation. The court further noted that Thrower's October 15th release on parole had mooted many of his claims for declaratory or injunctive relief. A motion for reconsideration was construed by the district court as a motion for relief from judgment under Fed.R.Civ.P. 60(b) and was denied in an order entered on January 8, 2002.

On appeal, Thrower argues that the district court erred in: (1) dismissing his ex post facto claim; (2) treating his motion for reconsideration as a motion for relief from judgment; (3) dismissing his retaliation claim; (4) dismissing his *Apprendi* claim; and (5) dismissing his breach of contract claim.

This court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief may be granted. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* The court must take as true only well-pleaded facts; it need not accept as true legal conclusions or unwarranted factual inferences. *Id.*

Upon review, we conclude that the district court properly dismissed this action because Thrower and his coplaintiffs failed to object with specificity to the magistrate judge's report and recommendation. Even if it is assumed that the coplaintiffs knowingly joined in Thrower's objection (which is questionable for the reasons stated by the district court), all of the plaintiffs have waived their right to appeal. This circuit has established that failure to file objections to a magistrate judge's report and recommendation constitutes a waiver of the right to appeal. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio, 43023*, 174 F.3d 720, 725 (6th Cir.1999). Thrower did file a timely objection. However, not only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *Howard v. Secretary of*

*Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991).

In this case, Thrower's response to the magistrate judge's report consists of a single sentence objecting in general to the report and recommendation for the reasons set forth in the complaint and amended complaints. As found by the district court, no new arguments beyond those already addressed by the magistrate judge were presented and this general objection is wholly insufficient to preserve the right to appeal.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.