CLAY, Circuit Judge,
concurring in the judgment only.
Because Defendant admits that his trial lawyer posed only a general objection to the magistrate judge’s report and recommendation, and failed to file specific objections, our inquiry should end there. I agree with the district court’s order dismissing Defendant’s objections to the magistrate judge’s report and recommendation in the absence of any specific objection, adopting the conclusions of the magistrate judge, and overruling Defendant’s objections.
Our task on appeal should have been to simply affirm the district court’s order of dismissal as a result of Defendant’s failure to file appropriate objections to the magistrate judge’s report and recommendation. Instead, the majority opinion engages in an extensive discussion of the merits of the appeal and the issue of whether the Defendant’s motion to suppress should have been granted or denied. I would not have reached the merits of the appeal. As the majority itself notes, our precedent is clear that a “general objection to the entirety of the magistrate’s report has the same effect as would a failure to object.” Howard v. Sec’y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991). See Smith v. De *35 troit Fed’n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987) (holding that “only those specific objections to the magistrate’s report made to the district court will be preserved for appellate review”). These cases support our decision in United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981), where we held that “a party shall file objections with the district court or else waive right to appeal.” See also, Robert v. Tesson, 507 F.3d 981, 994 (6th Cir.2007) (acknowledging that “a general objection to a magistrate judge’s report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal”).[1]
For these reasons, and because I disagree with the majority’s decision to consider the merits of the appeal, I do not join the reasoning of the majority opinion. Instead, I concur in the judgment only.

. Because the Walters rule is not jurisdictional, we may waive it in the "interests of justice." See, e.g., Souter v. Jones, 395 F.3d 577, 585 (6th Cir.2005). However, this case does not present, and the majority does not find, any facts sufficiently compelling to waive our default rule.