NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0123n.06

No. 11-2365

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 04, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| VINCENT MENSAH,<br><br>      Plaintiff-Appellee,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS; PATRICIA L. CARUSO, in her individual and official capacity as Director, Michigan Department of Corrections; HUGH WOLFENBARGER, in his individual and official capacity as Macomb Correctional Facility Warden; RANDALL HAAS, in his individual and official capacity as Macomb Correctional Facility Deputy Warden,<br><br>      Defendants-Appellants. | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

Before:  DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

**PER CURIAM.**    After resigning from his administrative position at the Macomb Correctional Facility, plaintiff Vincent Mensah filed this employment discrimination action against the Michigan Department of Corrections (MDOC), MDOC Director Patricia Caruso, Macomb Warden Hugh Wolfenbarger, and Deputy Warden Randall Haas. Mensah alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 1981 and 1983, the Michigan Elliot-Larsen Civil Rights Act, and Section 17 of the Michigan Constitution.  The individual defendants filed motions to dismiss on various bases, including failure to state

a claim and qualified immunity. The district court granted the motions in part but denied dismissal under Federal Rule of Civil Procedure 12(b) and on the ground of qualified immunity. This interlocutory appeal followed, in which defendants Wolfenbarger and Haas claim that the district court "erred by denying [their] motion to dismiss Mensah's § 1983 claim" and that "Mensah has not pleaded an equal protection claim that defeats [the defendants'] qualified immunity." We conclude, for the reasons set out below, that the appeal must be dismissed.

As to the § 1981 claims, it is now clear that the district court lacked subject matter jurisdiction to decide them. The Supreme Court held in *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989), that Congress intended § 1983 to provide the exclusive remedy for the violation of rights guaranteed by § 1981 when the alleged violator is a local government. In *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012), the Sixth Circuit recently interpreted *Jett* to apply to suits against state actors sued in their individual capacity. Thus, § 1981 cannot afford Mensah a means of relief against the defendants in this action. But, it is equally clear that we have no jurisdiction to review this claim on interlocutory appeal, unless certified by the district court pursuant to 28 U.S.C. § 1292(b). There appears to be no such certification in the record.

We also decline to review the question of qualified immunity, otherwise appealable under the "collateral order" doctrine. *See Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985). After the defendants moved to dismiss the plaintiff's § 1983 claims, the magistrate judge

analyzed the merits of those claims under the Fourteenth Amendment's guarantees of equal protection and procedural and substantive due process. The judge found that the due process claims were not supported by the record and should be dismissed. But the judge also found that the plaintiff's equal protection claims against Wolfenbarger and Haas were not subject to dismissal and, further, recommended to the district court that "[the defendants'] request for qualified immunity . . . be denied."

The defendants were allowed 14 days in which to file objections to the magistrate judge's report and recommendation, with an admonition that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal," citing *Thomas v. Arn*, 474 U.S. 140, 142 (1985), and *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 506 (6th Cir. 1991). The defendants thereafter filed timely objections, but their objection to the recommendation regarding the § 1983 claims was not only oblique but also made no reference at all to qualified immunity. In its entirety, the objection reads:

> The vague and ambiguous accusations in Plaintiff's Complaint do not support a finding, at any stage, that Defendants knowingly violated his federal right to equal protection under the law. Plaintiff has not presented or alleged the existence of any direct evidence of discrimination or put forth any comparative analysis that could justify a finding of disparate treatment.

We conclude that in the absence of a specific objection, further appeal of the magistrate judge's ruling on the question of qualified immunity has been waived. Moreover, as a direct result of the failure to object, the issue of qualified immunity was not brought to the attention of the district court and, in turn, the court did not address the issue

in its order denying the motion to dismiss in part and granting it in part. Because there was no ruling in the district court's order on qualified immunity under § 1983, there is nothing to review on interlocutory appeal. Finally, when the appeal was docketed and the defendants' attorney was asked to designate the parties on appeal and the "specific issues you propose to raise," counsel responded, "The specific issue is whether Defendants Wolfenbarger and Haas have qualified immunity from Plaintiff's claim that they violated 42 U.S.C. 1981 by allegedly interfering with Plaintiff's alleged contract with Defendant Michigan Department of Corrections." Thus, there was no reference to the plaintiff's claims of discrimination under § 1983.

The appeal is therefore DISMISSED, and the case is REMANDED to the district court for further proceedings.