12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny A. HEARD, Plaintiff-Appellant,
v.
E.I. DUPONT DENEMOURS & COMPANY, Defendant-Appellee.
 No. 93-3522.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 N.D.Ohio, No. 92-07133; Dowd, J.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before: MARTIN and RYAN, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 3
 Johnny A. Heard, a pro se plaintiff, appeals a district court grant of summary judgment for the defendant in his employment discrimination complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 Heard was employed by the defendant's Toledo Automotive Products Plant for approximately ten years until his discharge on May 7, 1987. The stated reason for his discharge was that he was "unsuitable for industrial employment" due to his unexcused absences and poor attendance record. In the two and a half years immediately preceding his discharge, Heard received five counseling and disciplinary actions relating to excessive and unexcused absences, and poor performance. He was placed on probation on May 22, 1987, after his explanation for an unexcused absence was shown to be false. Heard was absent from work for twenty of the following thirty work days. When he returned to work, he was informed that his employment was terminated.
 
 
 5
 Heard, who is black, filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that he was discharged because of his race. On September 29, 1989, the EEOC issued a determination in which it found that the evidence did not establish a violation of Title VII. A right to sue notice was issued on September 13, 1991.
 
 
 6
 In his civil complaint, Heard again alleged that the defendant (DuPont) terminated his employment for racial reasons. He sought a declaratory judgment, back pay, reinstatement or front pay, compensatory and punitive damages, attorney fees, and costs. DuPont and Heard filed cross-motions for summary judgment. On February 9, 1993, a magistrate judge issued a report in which he recommended that Heard's motion be denied and DuPont's motion be granted. The magistrate judge concluded that Heard had failed to establish a prima facie case of discrimination and that he had also failed to show that DuPont's stated nondiscriminatory reason for his discharge was pretextual. Rejecting Heard's general objection as the equivalent of a failure to object, the district court adopted the magistrate judge's report and recommendation and granted DuPont's motion for summary judgment. On appeal, Heard continues to argue the merits of his complaint. He requests the appointment of counsel in his appellate brief.
 
 
 7
 Upon review, we conclude that Heard has waived his right to appeal by failing to file specific objections to the magistrate judge's report and recommendation. A party who does not file timely objections to a magistrate judge's report and recommendation after being advised to do so waives his right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Although Heard filed what purported to be objections to the magistrate judge's report, they consisted of one sentence in which he merely notified the court that he "objects to the report and recommendation." The accompanying brief again consisted of one sentence which merely reiterated Heard's general objection. This court has held that a general objection to the entirety of a magistrate judge's report and recommendation has the same effect as a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir.1991). Accordingly, Heard has waived his right to appeal.
 
 
 8
 In any event, the defendant's motion for summary judgment was properly granted because there is no genuine issue of material fact and DuPont is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 9
 Heard has not established a prima facie case of employment discrimination under Title VII. See St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2747 (1993); Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir.1992). Further, even if it is assumed that Heard established a prima facie case, the presumption of discrimination disappeared when DuPont articulated a legitimate, nondiscriminatory reason for Heard's discharge, i.e., his unacceptable attendance record. See St. Mary's Honor Center, 113 S.Ct. at 2747-48. Heard failed to sustain his ultimate burden of proof that DuPont's proffered reason for his discharge was a mere pretext for intentional racial discrimination. Id.; Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 282-83 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992).
 
 
 10
 Accordingly, we deny the request for counsel. The district court's judgment, entered on April 21, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation