23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Herbert M. CROSBY, Petitioner-Appellant,
v.
Robert E. LECUREUX, Respondent-Appellee.
 No. 93-1630.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1994.
 
 Before: NELSON and NORRIS, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Herbert M. Crosby ("Crosby") appeals the judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Crosby claims two police officers coerced him into confessing to a murder that he did not commit. We AFFIRM.
 
 I.
 
 2
 Crosby was convicted of felony murder and felony firearm possession in a Michigan state court in May 1981. He was sentenced to life in prison without parole on the murder conviction and an additional two years on the firearm conviction. The Michigan Court of Appeals affirmed the convictions, and the Michigan Supreme Court denied leave to appeal.
 
 
 3
 Crosby filed the present petition for writ of habeas corpus in August 1988, raising seven issues. On 31 October 1989, the magistrate recommended dismissal of the petition on the merits. In Crosby's objections to the magistrate's report, he asserted, for the first time in federal court, that his alleged confession was coerced.[1] At the trial in 1981, he alleged in his objections, the state judge had admitted testimony by Detective Rochford, one of the two officers who interrogated Crosby, that Crosby had confessed during the interrogation to robbing and shooting the victim.[2] This alleged confession was not recorded, although the police station had recording equipment. Crosby asserted that (1) at the police station, he was denied the opportunity to make a telephone call; (2) he was beaten by Rochford, including one blow to the face with a blackjack-like object and several punches to the stomach; (3) his life was threatened at gunpoint when he refused to sign a fabricated confession to the murder; and (4) the policemen interrogating him threatened him with racial remarks.
 
 
 4
 On 28 June 1990, the district judge adopted the magistrate's recommendations as to the issues originally raised by Crosby, but remanded to the magistrate for consideration of the new coerced confession issue. On 28 February 1991, the magistrate again recommended dismissal of the habeas petition for failure to exhaust the coerced confession claim in state court. However, after Crosby supplied proof that he had in fact raised the issue in the state courts, the magistrate then again recommended denial of the petition on the merits on 18 April 1991, finding that any statements made by Crosby were not coerced and were admissible at trial.
 
 
 5
 The district judge, after consideration, recommitted the habeas petition to the magistrate on 23 January 1992. The court disagreed with the magistrate's reliance on Crosby's statements at a preliminary hearing and on Crosby's past experience with law enforcement officers in finding that Crosby's statements were not coerced. The district judge further determined that if Crosby indeed received the alleged physical abuse, then his testimony did not establish that the confession was voluntary. The judge instructed the magistrate:
 
 
 6
 I recommit the matter to the Magistrate judge for an evidentiary hearing to determine whether the police used physical violence and threats during the interrogation of petitioner. In addition, the substance of the racially suggestive remarks should be determined, as the state judge made no finding as to what exactly was said.
 
 
 7
 J.A. at 72.
 
 
 8
 On 29 January 1993, the magistrate, after conducting an evidentiary hearing, recommended that Crosby's petition for habeas corpus be denied. The magistrate determined in part:
 
 
 9
 Having the opportunity to observe the witnesses' testimony at the evidentiary hearing, I found the petitioner's testimony to be less than credible. Moreover, I was impressed that the testimony of the detectives was consistent and credible. I cannot accept petitioner's allegation that he was physically assaulted during the interrogation. Moreover, I conclude that while petitioner's race was a factor discussed during the interrogation, it was done so because petitioner raised the issue. It is my conclusion that the detectives did not intentionally attempt to coerce a confession from the petitioner by playing upon his fears that he would be a pawn in a racially charged political dispute.
 
 
 10
 J.A. at 113. The magistrate thus determined that Crosby failed to meet any prongs of the test to assess the voluntariness of a confession: the police did not extort the confession by coercive activity; and Crosby's will was not overborne by coercive activity. On 5 April 1993, the district judge issued an Order and Judgment Approving Magistrate Judge's Report and Recommendation. The order stated:
 
 
 11
 [Crosby's] claims [of coercion] were directly contradicted by [his] claims that he never made a confession and that his will was not overborne by any coercive tactics on the part of the police. In addition, petitioner's claims of coercion were contradicted by the credible testimony of others. There is much in the record to support the Magistrate Judge's conclusions....
 
 
 12
 J.A. at 121-122. On 10 June 1993, however, the district judge signed an Order Granting Certificate of Probable Cause to appeal, noting Crosby had "raised a substantial question of law concerning the validity of his conviction." J.A. at 123.
 
 
 13
 We address two issues on appeal. First, did petitioner Crosby waive any right to appeal, as is asserted by respondent, by failing to file specific objections to the magistrate's report and recommendation? Second, did the district court, by deciding the petitioner's confession was not coerced, err in dismissing petitioner's writ of habeas corpus?
 
 II.
 
 14
 We first address whether petitioner Crosby waived any right to appeal by failing to file specific objections to the magistrate's report and recommendation. On 5 February 1993, Crosby filed "Defendant's Objection to the Magistrate's Report and Recommendation," which stated:
 
 
 15
 1. That a complete review of all the transcripts from all the hearings in this matter, as well as a complete review of Petitioner's Brief would indicate that there were physical and verbal assaults upon the Defendant as well as an atmosphere of additional threatened verbal and physical assault in order to coerce a confession from the Defendant and that any confession that the Defendant may have allegedly made was coerced through ill treatment, intimidation, and threats that the Defendant received while in custody.
 
 
 16
 J.A. at 118-119.
 
 
 17
 Respondent asserts that Crosby's objection to the magistrate's report of 29 January 1993 was a general objection to the entire report and therefore does not satisfy the Sixth Circuit requirement of filing specific objections. In his Reply Brief, Crosby responds that "[t]he Objections undoubtedly refer to the Magistrate's interpretation of physical and verbal threats and assaults, intimidation and ill treatment" and that the objections "sufficiently indicate the issue presented on appeal."
 
 
 18
 In this circuit, a party waives his right to appeal by failing to file objections to a magistrate's report and recommendation within ten days after the report is filed. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 508 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-950 (6th Cir.1981). The power of a court of appeals to impose this administrative rule was affirmed by the Supreme Court in Thomas v. Arn, 474 U.S. 140 (1985).
 
 
 19
 In Howard, the objection to the magistrate's report stated in part, "Plaintiff now specifically objects to the determination of the Magistrate denying Plaintiff's request for relief." We found this paper so poorly drafted that we noted "[i]t is arguable in this case that Howard's counsel did not file objections at all[,]" and the filing "would cause even the most perspicacious judge to guess at its meaning." 932 F.2d at 508, 509. We thus held that a "general objection" does not satisfy the rule in Walters mandating an objection to a magistrate's report within ten days; objections must be specific. Id.
 
 
 20
 This case is distinguishable from Howard. This is not a case where "even the most perspicacious judge" would have to guess at the meaning of Crosby's objection to the magistrate's report. Crosby clearly disputes the magistrate's findings regarding his alleged physical and verbal mistreatment by the police. Respondent's contention that Crosby waived his right to appeal is without merit.
 
 III.
 
 21
 We next address whether the district court, by deciding that petitioner's confession was not coerced, erred in dismissing petitioner's writ of habeas corpus. Crosby asserts that his alleged confession was coerced because he was subjected to racial slurs, beaten, intimidated, threatened at gunpoint, and unnecessarily delayed in being arraigned. Crosby avers that he received a direct blow to his cheek while in police custody. He complains that the officers admit to displaying a gun to him during the interrogation, causing him to feel threatened. Officer Rochford admitted making a statement to the effect that Crosby stood no chance of getting out of the matter alive.[3]
 
 
 22
 Crosby further maintains that the long delay between the time of his arrest early on a Friday afternoon and his arraignment on the following Monday was unnecessary and unreasonable. Throughout most of that period, Crosby asserts he was denied use of a telephone, making him unable to seek help from counsel. Under the totality of the circumstances, Crosby asserts, any confession was involuntary. The coercive police activity was sufficient to overbear his will. Crosby also complains that the confession was not recorded. Crosby finally argues, in sum, that the magistrate's factual findings were clearly erroneous.
 
 
 23
 Respondent counters that petitioner Crosby is basically challenging the factual determinations of the district court as to whether the police abused or threatened him. Pointing out conflicting testimony alone is not enough to show the findings were clearly erroneous, according to respondent. Respondent argues that because the factual determinations of the district court are not clearly erroneous, this court cannot set aside that court's determination that the confession was voluntary.
 
 
 24
 The petitioner in a federal habeas action has the burden of proving a confession was involuntary. Boles v. Foltz, 816 F.2d 1132, 1136 (6th Cir.), cert. denied, 484 U.S. 857 (1987). Moreover, we review the district court's factual determinations in this habeas case by applying a clearly erroneous standard, and review its legal determinations de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993); see also Martin v. Parker, 11 F.3d 613 (6th Cir.1993) and McCall v. Dutton, 863 F.2d 454 (6th Cir.1988), cert. denied, 490 U.S. 1020 (1989).
 
 
 25
 In this case, if Crosby's version of the interrogation session had been accepted by the district court, the confession would clearly be deemed coerced and found to be inadmissible; likewise, if the officers' version of the interrogation were accepted, the confession would be voluntary and admissible. There is, therefore, no legal dispute on this appeal, but only a factual dispute, and our review is governed by the clearly erroneous standard.
 
 
 26
 Petitioner Crosby bore the burden of showing the confession was involuntary, and the district court found that he failed to meet that burden. Indeed, it found that respondent had proved that the confession was voluntary. The magistrate had found the police officers' testimony "consistent and credible" but that of Crosby "less than credible." J.A. at 113. He determined "that there was no physical violence or threats used during the interrogation of the petitioner[,]" and that "the detectives did not initiate the racially suggestive remarks." J.A. at 114. We cannot say that these factual determinations, which were approved by the district court, are clearly erroneous; therefore, Crosby's claim that his alleged confession was coerced in violation of the Fifth Amendment must fail.
 
 IV.
 
 27
 We AFFIRM the district court's denial of Crosby's petition for writ of habeas corpus.
 
 
 
 [1]
 Williams presented the rather complicated position that (1) he never made the confession and (2) even if he did confess, it was due to police coercion
 
 
 [2]
 The trial judge conducted a preliminary hearing, called a Walker hearing in Michigan, at which he determined that testimony about the confession was admissible. The Michigan Court of Appeals agreed that the alleged confession was admissible into evidence
 
 
 [3]
 There is not, however, in Michigan a death penalty