23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Francis H. MEISTER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2194.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1994.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and HOLSCHUH, Chief District Judge.*
 
 ORDER
 
 2
 Francis Meister, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of social security disability insurance benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Meister filed an application for disability insurance benefits on September 11, 1989, alleging a disability since May 1, 1989, due to migraine headaches, vision loss, circulation problems and difficulty remembering and concentrating. An administrative law judge (ALJ) determined that Meister had the residual functional capacity to perform his past relevant work as a quality control engineer and laboratory analyst. Therefore, he found that Meister was not disabled. The Appeals Council denied his request for review.
 
 
 4
 Meister then sought judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. Except for one claim, Meister filed very general but timely objections to the magistrate judge's report, indicating that he objected to the report for the reasons set forth in his motion for summary judgment. The only specific objection Meister raised was that the magistrate judge did not consider his mental impairment within the framework of the sequential evaluation in 20 C.F.R. Sec. 404.1520, but only within the context of the Secretary's listing of impairments in 20 C.F.R., Part 404, Subpt. P, App. 1. After de novo review in light of Meister's objections, the district court accepted the recommendation of the magistrate judge and dismissed the case.
 
 
 5
 On appeal, Meister does not raise his claim that the magistrate judge failed to consider his mental impairment within the context of the five-step sequential evaluation after he considered it within the context of the Secretary's listings. Meister argues that the Secretary's decision is not supported by substantial evidence because the ALJ: 1) did not consider his nonexertional impairments, 2) made an improper credibility assessment, and 3) erred in finding that he could perform his past relevant work.
 
 
 6
 Initially, it is noted that Meister does not raise his argument that the magistrate judge failed to properly consider his mental impairment within the context of the sequential evaluation after he considered it within the context of the Secretary's listings. Thus, this claim is considered abandoned on appeal and is not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 Upon review, we affirm the district court's judgment because Meister has waived appellate review of his remaining three claims by filing only general objections to the magistrate judge's report and recommendation. Failure to file objections to the magistrate judge's report waives a party's right to appeal the district court's judgment. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). A general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991). Because Meister filed only general objections to the magistrate judge's report with regard to the three claims he raised in his brief on appeal, he has waived appellate review of these claims.
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable John D. Holschuh, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation