27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Daniel ALLEN, Plaintiff-Appellant,
v.
Richard JOHNSON, Warden; David Groenhof, Food Service
Director, Defendants-Appellees.
 No. 94-1083.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 John Daniel Allen appeals a district court judgment granting summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Allen filed his complaint in the district court alleging that the designated work hours of a new prison job assignment would have prevented him from conducting legal research in the prison law library and that he was cited for misconduct after he failed to report for his new prison job assignment. Plaintiff sued the defendant prison officials in unspecified capacities and sought injunctive relief and money damages. Defendants moved the district court to dismiss the complaint or for summary judgment, and plaintiff responded in opposition.
 
 
 3
 The magistrate judge recommended that summary judgment for defendants be granted, and plaintiff filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Plaintiff filed a timely notice of appeal taken from the district court's judgment.
 
 
 4
 On appeal, plaintiff contends that his objections to the magistrate judge's report and recommendation were adequate to preserve his right to appellate review and that he was subjected to a deprivation of his First Amendment right of access to the courts and to retaliation. Defendants respond that the district court lacked subject matter jurisdiction because plaintiff failed to specify the capacities in which he sued defendants and failed to set forth a First Amendment or other constitutional deprivation. Upon consideration, we conclude that summary judgment for defendants was proper for the reasons stated in the magistrate judge's report filed October 28, 1993, and in the district court's opinion filed December 8, 1993.
 
 
 5
 First, we note that plaintiff's contention regarding the adequacy of his objections to the magistrate judge's report and recommendation is of no moment. Although the district court referred to plaintiff's objections as "general" and tantamount to a "failure to object," the district court conducted a de novo review notwithstanding this characterization. Therefore, plaintiff was not prejudiced by the district court's view of his objections as inadequate.
 
 
 6
 Further, defendants' contention that the district court lacked subject matter jurisdiction because plaintiff did not specify the capacities in which he was suing defendants is without merit. As noted by the magistrate judge, plaintiff specified that he was suing defendants in their individual capacities in a pleading he filed in response to defendants' motion to dismiss or for summary judgment. The magistrate judge deemed this specification adequate for the purpose of seeking money damages under Sec. 1983, and defendants filed no objections. Therefore, defendants have waived this argument on appeal. See Howard v. Secretary of HHS, 932 F.2d 505, 509 (6th Cir.1991).
 
 
 7
 However, defendants did carry their burden of showing that no genuine issue remained for trial following defendants' motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). First, plaintiff cannot show that he was denied his First Amendment right of access to the courts merely because he faced the possibility of having to work during most of the hours of operation of the prison law library. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Second, plaintiff cannot substantiate his bare assertion that his disciplinary conviction on the charge of "being out of place" was the result of retaliation.
 
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.