37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Eugene Emmanuel BATES, Petitioner-Appellant,
v.
Walt CHAPLEAU, Respondent-Appellee.
 No. 94-5210.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Eugene Emmanuel Bates, a pro se Kentucky prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Bates in June 1978 of first degree burglary and first degree rape. He was sentenced on July 21, 1978, to ten years in prison for the burglary conviction and fifteen years for rape, with the sentences to be served concurrently. Bates's subsequent direct appeal and RCr 11.42 motion were unsuccessful. In his present petition, Bates raises three grounds for relief: (1) the admission of a police fingerprint card which referred to his involvement in another crime violated his right to a fair trial, (2) counsel was ineffective in failing to object to the introduction of the fingerprint card on that ground, and (3) the prosecutor made improper and prejudicial comments during her closing argument.
 
 
 3
 A magistrate judge recommended that Bates's petition be denied in a report filed on October 19, 1993. The magistrate judge concluded that the admission of the fingerprint card was an issue of state law which did not rise to a constitutional level since Bates himself testified at his trial that he had been in and out of courts since age ten. Further, because there was no prejudice to the defense in admission of the fingerprint card, Bates's second ground for relief did not meet the standard for ineffective assistance of counsel. Finally, the magistrate judge found that the challenged comments in the prosecutor's closing argument did not so infect the trial with unfairness as to deny Bates due process of law. Bates timely filed a general objection which the district court found to be legally insufficient. The district court overruled the objection, adopted the magistrate judge's proposed findings of fact and recommendation, and denied habeas relief in a memorandum opinion and order filed on January 24, 1994. On appeal, Bates continues to argue the merits of his grounds for relief.
 
 
 4
 Upon review, we affirm the district court's order because Bates has not established that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 5
 Initially, we note that Bates failed to file specific objections to the magistrate judge's proposed findings of fact and recommendation in order to preserve his right to appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). This court has held that a general objection to the entirety of the magistrate's report has the same effect as would a failure to object at all. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991). Bates filed a general objection to the magistrate judge's report, and merely incorporated by reference the position he argued previously in his petition. However, because the district court in this case had no problem in focusing on the specific areas of disagreement and conducted a de novo review despite its dissatisfaction with the form of the objection, we shall address the merits of Bates's grounds for relief. See Kelly v. Withrow, 25 F.3d 363, 366 (6th Cir.1994).
 
 
 6
 Bates's first issue, that the admission of the fingerprint card denied him his right to a fair trial because it implied that he had been involved in other criminal activity, is meritless. An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988); Davis v. Jabe, 824 F.2d 483, 487 (6th Cir.), cert. denied, 484 U.S. 988 (1987). The magistrate judge and district court properly found that any potential prejudice caused by the card's admission was rendered harmless by trial testimony that clearly demonstrated Bates's previous experience with the courts. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); Wright, 999 F.2d at 180.
 
 
 7
 Nor has Bates established that he received ineffective assistance of counsel. To do so, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Even if it is assumed that counsel's performance was deficient in failing to object to the admission of the fingerprint card on the basis that it implied prior criminal activity, this omission by counsel did not result in prejudice to the defense for the reason stated above.
 
 
 8
 Finally, the comments to which Bates now objects, made by the prosecutor in her closing argument, were not so egregious as to deny him a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1355 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994).
 
 
 9
 Accordingly, the district court's order, entered on January 25, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.