41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Van JENKINS-EL, Bro., Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 92-2319.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 Before: BROWN, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Van Jenkins-El, a pro se Michigan prisoner, appeals a district court order granting the defendants' motion for summary judgment in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jenkins-El filed his complaint against numerous Michigan Department of Corrections (MDOC) officials and employees alleging numerous constitutional violations. The complaint contained over 200 numbered paragraphs of allegations. Jenkins-El raised due process issues regarding his reclassification to a higher security level and loss of good time credits. He asserted that misconduct charges filed against him violated his due process rights. Jenkins-El made several allegations that his due process rights were violated when his various personal properties were not given to him nor returned to him. He also alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, in using force against him, denying medical treatment, and supplying him with inadequate food, clothing and toiletries when placed in solitary confinement. Jenkins-El raised First Amendment claims regarding his mail and access to the courts. He further asserted that his right to freely practice his religion was violated by the defendants. Jenkins-El claimed that his right to privacy was violated when he was subjected to strip searches. Lastly, Jenkins-El made general allegations that the defendants were threatening and harassing him. He sought injunctive, declaratory and monetary relief and sued the defendants in their individual and official capacities.
 
 
 3
 In an order dated December 17, 1989, the district court dismissed some of the defendants. The district court also dismissed Jenkins-El's claims against the remaining defendants insofar as they related to the injection of "fluorescent" into him and the implantation of an electronic monitoring device in his body. Jenkins-El appealed the order of partial dismissal to the Sixth Circuit. The Sixth Circuit dismissed the appeal, and the mandate was filed with the district court on March 5, 1992. See Jenkins-El v. Michigan Dep't of Corrections, No. 92-1069 (6th Cir. Feb. 10, 1992) (unpublished).
 
 
 4
 On April 27, 1992, the remaining defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Jenkins-El filed numerous responsive pleadings in opposition to the defendants' motion. The matter was referred to a magistrate judge who treated the motion as one for summary judgment since the defendants attached various documents in support of their motion. See Fed.R.Civ.P. 12(b). In a report and recommendation filed August 7, 1992, the magistrate judge recommended that the defendants' motion for summary judgment be granted.
 
 
 5
 Jenkins-El filed timely objections to the report and recommendation. However, he did not object to any specific portion of the report and recommendation. He stated broadly: "I object to everything you've denied in this case." Jenkins-El gave no further explanation as to why the magistrate judge's decision was objectionable. Instead, he stated that "[t]here is no way that any officer or governmental official has any right to go around assaulting a person with [spina bifida], especially when that person did not provoke the officer at all."
 
 
 6
 In an opinion and order dated September 15, 1992, the district court determined that Jenkins-El's basis for objecting to the report and recommendation was nothing more but another example of a conclusory allegation, found it to be without merit, and adopted the report and recommendation in its entirety.
 
 
 7
 Upon review, we affirm the district court's order. Jenkins-El has waived his right to appellate review of the magistrate judge's report and recommendation. This court requires litigants to file objections to magistrate judge's reports and recommendations under 28 U.S.C. Sec. 636(b)(1)(c) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Jenkins-El's objections to the report and recommendation were inadequate to preserve the right to appeal the subsequent order of the district court adopting and approving that report. As previously noted, Jenkins-El stated broadly: "I object to everything you've denied in this case." A general objection to the entirety of a magistrate judge's report and recommendation has been held by this court to have the same effect as would a failure to object. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 509 (6th Cir.1991). Thus, absent a specific objection to the magistrate judge's report, Jenkins-El is now barred from complaining further of any errors in that recommendation and the subsequent dismissal of the claims asserted against the defendants.
 
 
 8
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.