42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eldred Lonnie REID, Plaintiff-Appellant,
v.
Don MARTIN, et al., Defendants-Appellees.
 No. 94-5698.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 1
 Before: MILBURN, SUHRHEINRICH and LAY,* Circuit Judges.
 
 ORDER
 
 2
 Eldred L. Reid, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. Reid also requests the appointment of counsel. Reid also seeks an emergency injunction against the State of Tennessee and its government entities. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief, Reid sued a host of defendants alleging that during his stay at the Dickson County Jail, his personal property was taken from him and not returned; he was deprived of his telephone privileges; his arrest by the arresting officers was unlawful; he was denied access to the courts; there was a conspiracy among his and his wife's attorneys concerning his divorce that caused him to lose his divorce proceeding; and he encountered interference in his efforts to protect his children from his wife's allegedly abusive acts.
 
 
 4
 The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Reid objected to the recommendation on the grounds that the magistrate judge based his conclusions on flawed and incomplete information, and that Reid's access to the courts has been impeded. Despite Reid's objections, the district court adopted the report and recommendation in an order entered February 25, 1994. This appeal followed.
 
 
 5
 Initially, we note that Reid has waived appellate review of all of his claims except his claim that his right of access to the courts has been impeded, because he did not file specific objections to the magistrate judge's report. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. Sec. 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir.1987).
 
 
 6
 This court reviews only Reid's access to the courts claim because Reid did not file specific objections to the magistrate judge's report regarding the remaining claims. A general objection to the entire report does not preserve a party's right to appeal. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). A general objection essentially amounts to no objections at all. Id. at 509. Where only general objections are filed, the district court's attention is not focused on any specific issue for review, thereby making the initial reference to the magistrate judge's report useless. Id ; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981).
 
 
 7
 Except for the right of access issue, Reid's objections constitute general objections to the magistrate judge's report. On the first page of his objections in the title section, Reid states that the magistrate judge's report "was based on flawed and incomplete information." However, the document does not contain any explanation of what information was flawed or incomplete. At best, the document presents only general and conclusory objections because no specific contentions are presented. Therefore, Reid has not filed specific objections to the magistrate judge's report as to his remaining claims, and thus, has not preserved his right to appeal. No exception in the interest of justice is warranted in this case as no extenuating circumstances exist and the remaining claims lack merit. See Kent v. Johnson, 821 F.2d 1220, 1223 (6th Cir.1987).
 
 
 8
 Upon review, we conclude that the district court did not abuse its discretion when it dismissed Reid's access to the courts claim as frivolous. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). It is well established that the federal constitution guarantees incarcerated persons a right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 822 (1977). In providing access to the courts to incarcerated persons, states are "required to provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights and other civil rights actions related to their incarceration." See John L. v. Adams, 969 F.2d 228, 235 (6th Cir.1992). Moreover, "states may not erect barriers that impede the right of access of incarcerated persons." Id.
 
 
 9
 Reid admitted to having filed two actions since his confinement in a state institution, thus, reflecting access to adequate postage and a typewriter. Also, we observe that Reid had access to a typewriter when he prepared his complaint in the present action. Thus, no abuse of discretion occurred when the district court dismissed Reid's access to the courts claim as frivolous.
 
 
 10
 For the foregoing reasons, the request for counsel is denied, the motion for an emergency injunction is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Donald P. Lay, U.S. Circuit Judge for the Eighth Circuit, sitting by designation