43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo LEMANSKI, Petitioner-Appellant,
v.
Gene BORGERT, Respondent-Appellee.
 No. 94-1259.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1994.
 
 Before JONES, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Leo Lemanski appeals pro se from a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, a Michigan state jury convicted Lemanski of premeditated murder and carrying a weapon with unlawful intent. He is now serving an aggregate sentence of life imprisonment as a result of these convictions.
 
 
 3
 In his petition, Lemanski alleged: 1) that he should not have been bound over for trial on a charge of open murder because there was no evidence of premeditation or deliberation; 2) that he was not afforded effective assistance of counsel because his attorney failed to adequately investigate and prepare his case; 3) that he was denied due process because his attorney admitted that Lemanski had killed the victim; and 4) that the jury should have been instructed on the lesser included offense of manslaughter. A magistrate judge recommended that the petition be dismissed on the merits. The magistrate found: 1) that enough evidence regarding premeditation was presented at Lemanski's preliminary examination to warrant taking his murder case to trial; 2) that Lemanski's counsel made a strategic decision not to pursue a defense of voluntary intoxication; 3) that counsel's admission that Lemanski had killed the victim was also a reasonable strategy calculated to elicit a conviction on manslaughter, rather than first degree murder; and 4) that the trial court's failure to instruct on manslaughter did not rise to the level of a constitutional violation.
 
 
 4
 On January 20, 1994, the district court adopted the magistrate's recommendation and dismissed the case. In making this ruling, the court noted that Lemanski had not filed any objections to the magistrate's report. It is from this judgment the Lemanski now appeals. He has filed a motion for counsel on appeal.
 
 
 5
 A party waives his right to appellate review if he does not file timely and specific objections to a magistrate's report and recommendation. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). However, a review of the record in the instant case shows that Lemanski mailed a letter to the district court on December 17, 1993, generally stating his disagreement with the magistrate's findings. He also specifically argued that the elements of first degree murder were not met in his case. It appears that this objection was not filed for purely technical reasons and that the district court was not aware of Lemanski's objection when it adopted the magistrate's report. Under these circumstances, we will review the specific objection that Lemanski raised to the magistrate's report in the interests of justice. See Thomas v. Arn, 474 U.S. 140, 155 & n. 15 (1985).
 
 
 6
 A review of the letter shows that Lemanski did not raise any specific objections to the magistrate's findings regarding his second, third and fourth claims for relief. His general objection regarding these claims is not sufficient to trigger appellate review under Walters. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991).
 
 
 7
 In his first claim, Lemanski alleged that the state court erred when it bound him over for trial on open murder because there was no evidence regarding premeditation or deliberation. The Michigan Court of Appeals found that evidence of premeditation and deliberation was not required at the preliminary examination stage. It also found that there was sufficient evidence presented on these issues to warrant binding Lemanski over for trial. This finding is confirmed by an examination of the preliminary examination transcript, which is consistent with the following undisputed factual summary that was included in the magistrate's report:
 
 
 8
 The petitioner attended a Fourth of July party at the home of Ed Bush. The victim, Teddy Cornett, his brother, Joey Cornett, and two of their friends, Billy Hudgens and Matt Balko, arrived at the party at one in the morning on July 5, 1987. At the party, Teddy Cornett argued with another guest and slapped him in the face. The four then left the party approximately five to twenty minutes later and returned to the Cornett home, approximately a quarter of a mile to a mile from the home of Ed Bush.
 
 
 9
 The four were standing outside the Cornett home when Ed Bush pulled up in his Cadillac. Mr. Bush got out of his car and began shouting at Teddy. The petitioner remained in the car for one to two minutes. He then got out of the car and stood by his door for thirty seconds to a minute. He next walked behind Ed Bush, pushed him aside, and stabbed Teddy Cornett. The victim exclaimed that he had been stabbed, and the petitioner admitted that he had stabbed the victim. Ed Bush and the petitioner then left in the Cadillac.
 
 
 10
 Furthermore, Lemanski did not have a constitutionally protected right to a preliminary examination before he was bound over for trial. See Gerstein v. Pugh, 420 U.S. 103, 125 n. 26 (1975). Thus, Lemanski's first claim raises only an issue of state law that is not cognizable in a federal habeas corpus proceeding unless it results in a fundamentally unfair trial. See Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988). He has not met this standard here.
 
 
 11
 Accordingly, Lemanski's motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.