72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David Edward SHUMAKER, Plaintiff-Appellant,
v.
UNIVERSITY MANAGEMENT; Asad Khailany; Barzan Khailany;
14A2 District Court; Daryl Barton; Kurtis
Wilder; City of Ypsilanti; Karl V.
Fink, Defendants-Appellees.
 No. 94-2467.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 Before: BROWN, NELSON and MOORE, Circuit Judges.
 
 ORDER
 
 1
 David Edward Shumaker, a pro se Michigan resident, appeals a district court order dismissing his civil complaint filed pursuant to various amendments to the United States Constitution. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Shumaker sued a number of private persons, a state court judge, a state court, a corporation, and a Michigan city in an attempt to overturn a state court judgment arising out of a landlord/tenant dispute. In the state court action a jury found that Shumaker was liable for nonpayment of his rent, and judgment was entered in favor of Shumaker's landlord. After the state trial court denied numerous post-judgment motions, Shumaker filed a civil complaint in the district court seeking to overturn the state court judgment and alleging a conspiracy to prevent him from having a safe and habitable dwelling. The case was referred to a magistrate judge who recommended dismissing the complaint for lack of jurisdiction. Shumaker filed a document styled "Rejection of Magistrate's Report and Recommendation" in which he asserted violations of his rights under state and federal law. He did not, make any specific objections to the report of the magistrate judge. Upon de novo review, the district court adopted the report and dismissed the case. In his timely appeal, Shumaker continues to attack the state court judgment and the conditions of his dwelling.
 
 
 3
 Upon review, we conclude that Shumaker has waived his right to an appeal by failing to file specific objections such a report. A party who does not file timely objections to a magistrate judge's report, after being advised to do so, waives his right to an appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). Shumaker's purported objections to the magistrate judge's report were not specific. General objections to the entirety of a magistrate judge's report have the same effect as a failure to object. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991).
 
 
 4
 The district court was correct, moreover, in concluding that it lacked authority to review the state court's final decision because the district court would have been required to review the same claims asserted between the parties in the state court litigation, notwithstanding Shumaker's assertion of those claims within a federal constitutional context. See In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986).
 
 
 5
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.