83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherman JONES, Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 95-5930.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 Sherman Jones, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a jury found Jones guilty of first degree rape and first degree sodomy. Jones was sentenced to twenty years of imprisionment on each count. Jones's sentences were ordered to be consecutively served. After exhausting his available state court remedies, Jones filed his habeas petition raising five grounds for relief. The case was referred to a magistrate judge who recommended that the petition be dismissed as meritless. In his objections to the magistrate judge's report, Jones merely stated "[t]hat additional findings are required." Upon de novo review, the district court dismissed Jones's petition.
 
 
 4
 In his timely appeal, Jones continues to argue the merits of his petition. In addition, for the first time on appeal, Jones asserts that his appellate counsel was ineffective.
 
 
 5
 Upon review, we affirm the district court's judgment because Jones has waived appellate review of his claims by not filing specific objections to the magistrate judge's report. Failure to file objections to a magistrate judge's report waives a party's right to appeal the district court's judgment. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). Further, a party must file specific objections to the magistrate judge's report. A party is deemed to have waived his right to appeal when only general objections to a magistrate judge's entire report is filed. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991). As Jones has given no explanation for his failure to file specific objections to the magistrate judge's report, we conclude that Jones has waived appellate review of his claims.
 
 
 6
 Finally, we note that Jones did not raise his ineffective assistance of appellate counsel claim in the district court. Therefore, this issue is not reviewable on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation