82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cedric Lamont LACEY, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Kenneth L. McGinnis;
Patricia L. Caruso; Sergeant Peabody; Derusha,
C/O, Defendants-Appellees.
 No. 95-1625.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and O'MALLEY, District Judge.*
 
 ORDER
 
 2
 Cedric Lamont Lacey, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Lacey sued the Michigan Department of Corrections and multiple prison personnel alleging that he was beaten by two prison guards for no apparent reason. Some individual defendants were sued only in their official capacities while other individual defendants were sued in both their official and individual capacities. The defendants moved for summary judgment which Lacey opposed. The case was referred to a magistrate judge who recommended granting defendants' motion. In his objections to the magistrate judge's report, Lacey merely states that he needed to engage in discovery and that summary judgment would be inappropriate until he was able to complete discovery. The district court, noting that Lacey had not filed specific objections to the magistrate judge's report, granted summary judgment for the defendants.
 
 
 4
 In his timely appeal, Lacey merely states that the district court should not have granted summary judgment for the defendants.
 
 
 5
 Upon review, we affirm the district court's judgment because Lacey has waived appellate review of his claims by not filing specific objections to the magistrate judge's report. Failure to file objections to a magistrate judge's report waives a party's right to appeal a district court's judgment. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991). Further, a party is deemed to have waived his right to an appeal when he files only very general objections to a magistrate judge's entire report. See Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991).
 
 
 6
 In his response to the magistrate judge's report, Lacey simply stated that he needed to engage in discovery before defendants' motion could be ruled upon. Lacey did not provide any specific reasons why he believed that the magistrate judge's conclusions were incorrect. Further, in his brief on appeal, Lacey still does not explain why he thinks the magistrate judge's decision was erroneous. Lacey simply states that summary judgment was inappropriate. As Lacey failed to file specific objections to the magistrate judge's report, Lacey has waived appellate review of his claims. Id.
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation