85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William RAMSEY, Jr., Petitioner-Appellant,
v.
Jimmy STEGALL, Respondent-Appellee.
 No. 95-1628.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1996.
 
 Before: GUY, NELSON, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment denying a petition for federal habeas corpus relief filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1987, William Ramsey was convicted after a jury trial in Michigan state court of breaking and entering with intent to commit larceny. The court sentenced Ramsey to a term of 80-120 months incarceration. In 1993, Ramsey filed a petition seeking federal habeas corpus relief under 28 U.S.C. § 2254 in which he challenged the constitutionality of the Michigan conviction on several different grounds.
 
 
 3
 The case proceeded before a magistrate judge who ultimately recommended that the petition should be denied. The district court adopted this recommendation, after considering Ramsey's purported objections, and this appeal followed. The parties have briefed the issues. Ramsey has filed a brief and moves for the appointment of appellate counsel.
 
 
 4
 Petitioner Ramsey was convicted after a two-day jury trial of breaking into an appliance store and stealing several items. The evidence introduced against Ramsey included the result of a warrantless traffic stop of a vehicle driven by Ramsey, during which the officer involved saw many of the stolen items in plain view, and a confession.
 
 
 5
 Ramsey's § 2254 petition sets forth four grounds for relief from this conviction.
 
 
 6
 1) Evidence was legally insufficient to support the conviction;
 
 
 7
 2) His trial counsel was ineffective for not challenging the constitutionality of the confession;
 
 
 8
 3) His trial counsel was ineffective for not moving to suppress evidence obtained in a warrantless traffic stop; and,
 
 
 9
 4) His appellate counsel was ineffective in neglecting to raise the preceding issues on direct appeal.
 
 
 10
 The question of how many of these four claims were properly before the court occupied the early stages of the litigation. The district court concluded that Ramsey's allegations concerning the sufficiency of the evidence and his trial counsel's failure to move to suppress the results of the traffic stop were not cognizable in federal habeas corpus due to unexcused state court procedural defaults. The court ordered the litigation to go forward on the claims based on the failure to move to suppress Ramsey's confession and on the alleged ineffective assistance of appellate counsel.
 
 
 11
 The parties filed supplemental materials on the remaining questions of ineffective assistance of trial and appellate counsel. The magistrate's second report followed and contained a recommendation that the remaining claims should be dismissed. The recommendation was accompanied by notice that failure to file objections to the adverse portions of the report would result in a waiver of further appellate review of the district court's decision.
 
 
 12
 Ramsey filed a document styled as his response in opposition to the report and recommendation. The district court reviewed the history of the case and then noted that the purported objections were identical to a response filed earlier and, as such, did not address any aspect of the magistrate's report with specificity. The court concluded that Ramsey had thus failed to file specific objections and summarily adopted the report and recommendation.
 
 
 13
 On appeal, Ramsey does not contest the initial determination that his claims based on the sufficiency of the evidence and his trial counsel's failure to move to suppress the results of the traffic stop were not cognizable in federal habeas corpus due to unexcused state court procedural defaults. Issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). The first two claims are therefore not before the court. An examination of the record and law surrounding the remaining claims reflects that the district court did not err in summarily denying the motion and that, even on the merits, the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 14
 It is initially noted that a party must file specific objections to proposed adverse findings of fact and conclusions of law contained in a magistrate's report and recommendation in order to preserve his right to appellate review of those particular adverse findings and conclusions. Thomas v. Arn, 474 U.S. 140, 147 (1985). A general objection to the entirety of the report and recommendation has the same effect as would a failure to object at all. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 508-09 (6th Cir.1991). This rule, however, is not jurisdictional; a party's failure to file specific objections may be excused in the interest of justice. Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). The Supreme Court has suggested that the "interest of justice" exception might apply where the district court's judgment constitutes "plain error" within the meaning of Fed.R.Civ.P. 52(b). Arn, 474 U.S. at 155 & n. 15. The district court's characterization of Ramsey's objections is supported by the record. Thus, unless Ramsey's case falls within the "interest of justice" exception, he has waived appellate review of his claims.
 
 
 15
 We have examined the record and law and concluded that there is no plain error, or other extenuating circumstance, apparent to warrant appellate review of the merits of Ramsey's petition in the interest of justice. The appeal lacks merit.
 
 
 16
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.