110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra M. HALL-THULIN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-1940.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: LIVELY, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Sandra M. Hall-Thulin, through counsel, appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. 42 U.S.C. § 405(g). The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hall-Thulin filed an application for benefits on April 27, 1993. Hall-Thulin alleged that she has been unable to work since November 8, 1991, because of problems with her vocal chords and difficulty with breathing. After a hearing was held, an administrative law judge (ALJ) assumed that Hall-Thulin had a severe impairment, but concluded that she retained the residual functional capacity (RFC) to perform a significant number of sedentary jobs, as described by the vocational expert (VE) at the hearing. The Appeals Council denied the claimant's request for review of this decision.
 
 
 3
 Hall-Thulin then filed a timely complaint in federal district court. A magistrate judge reviewed the evidence and recommended affirming the Commissioner's denial of benefits, because substantial evidence supported the ALJ's determination that Hall-Thulin was not disabled. Upon review of the magistrate judge's report and the plaintiff's objections, the district court adopted the report and granted the defendant's motion for summary judgment. Pursuant to Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir.1991), the district court addressed only the issues to which Hall-Thulin had specifically objected.
 
 
 4
 On appeal, Hall-Thulin raises the sole question of whether substantial evidence supports the Commissioner's determination that Hall-Thulin retains the RFC to perform a restricted range of sedentary work. This court concludes that the Commissioner's decision is supported by substantial evidence. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989).
 
 
 5
 The district court appropriately determined that because the objections to the magistrate judge's report were only general, and not specific, Hall-Thulin had waived her right to a de novo review of all the issues generated by her claim. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard, 932 F.2d at 505; United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). The waiver rule is not jurisdictional, however, and this court has reviewed the merits of the case to determine whether an exception to the rule should be recognized here in the interests of justice. Thomas, 474 U.S. at 155 & n. 15. For the reasons stated below, we conclude that there are no exceptional circumstances that would justify an exception.
 
 
 6
 Substantial evidence supports the Commissioner's conclusion that Hall-Thulin retains the RFC to perform a restricted range of sedentary work. The ALJ considered the relevant factors in making his RFC determination. It was not improper for the ALJ and the magistrate judge to consider the plaintiff's smoking history and her two-year delay in following her physician's advice to quit smoking. See 20 C.F.R. § 404.1530(a) (in order to get benefits, a claimant must follow the treatment prescribed by the claimant's physician); Sias v. Secretary of Health and Human Servs., 861 F.2d 475, 480 (6th Cir.1988) (finding that the claimant's failure to lose weight and stop smoking was "not consistent with [the life-style] of a person who suffers from intractable pain); Henry v. Gardner, 381 F.2d 191, 195 (6th Cir.), cert. denied, 389 U.S. 993 (1967) (an impairment that can be remedied by treatment will not serve as a basis for a finding of disability).
 
 
 7
 Hall-Thulin complains that the ALJ erred in finding that she could drive her children to school and to dance lessons. But where, as here, there are discrepancies between what the claimant says and what the written record shows, this court must defer to the ALJ's credibility determinations. Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988).
 
 
 8
 Similarly, the ALJ did not have to accept Hall-Thulin's assertion that her medication makes her so drowsy that it creates an additional restriction on her ability to perform sedentary work. There was no requirement that the ALJ's hypothetical question to the VE reflect this unsubstantiated complaint. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987).
 
 
 9
 Accordingly, the district court's order granting summary judgment in favor of the defendant is affirmed.