**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 97-2378**

---

MARGIE J. THOMAS,

Plaintiff - Appellant,

versus

WESTINGHOUSE SAVANNAH RIVER COMPANY,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Aiken.  Charles E. Simons, Jr., Senior District Judge.  (CA-95-3240-1-6-BD)

---

Submitted:  August 13, 1998          Decided:  August 28, 1998

---

Before WIDENER and WILKINS, Circuit Judges, and HALL, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Margie J. Thomas, Appellant Pro Se.  Laura H. Walter, GLASS, MCCULLOUGH, SHERRILL & HARROLD, Atlanta, Georgia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this employment discrimination action, Appellant appeals from the district court's order adopting the magistrate judge's recommendation and granting summary judgment to Defendants. In her appeal, Appellant raises certain claims that were not preserved in her objections to the magistrate judge's report. See Thomas v. Arn, 474 U.S. 140, 155 (1985) (failure to object waives appellate review); see also Howard v. Secretary of HHS, 932 F.2d 505, 508-09 (6th Cir. 1991) (failure to file specific objections, as opposed to general and conclusory ones, waives appeal). Accordingly, we dismiss the appeal on all grounds other than that the district court erred in looking at company-wide treatment of employees, rather than treatment of employees under the supervision of Appellant's supervisor, in determining that Appellant had failed to present a prima facie case of discrimination. On this issue, we affirm on the reasoning of the district court. Thomas v. Westinghouse Savannah River Co., No. CA-95-3240-1-6-BD (D.S.C. Aug. 25, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

2