**Ronnie E. FLOYD, Plaintiff–Appellant,**

v.

**Michael E. MAGILL, Commissioner, Tennessee Department of Labor and Work Force Development; Micro Tech Technology; Standard Insurance Company, Inc., and other tortfeasors, Defendants–Appellees.**

No. 02–5164.

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2002.

Before SILER and MOORE, Circuit Judges; and MCKINLEY, District Judge.*

## ORDER

Ronnie E. Floyd, a Tennessee resident proceeding pro se, appeals a district court order that: 1) granted defendant Standard Insurance Company's ("Standard") motion to transfer venue or dismiss Floyd's claims against it; 2) granted defendant Micro Craft Technology's ("Micro Craft") motion to dismiss all contract and fraud claims; and 3) granted defendant Michael E. Magill's motion to dismiss to the extent that Magill sought to remand the denial of unemployment benefits claim to the state court, in this civil action that was removed to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1441(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Floyd commenced this action in the Chancery Court for Rutherford County, Tennessee, on June 4, 2001, against the defendants. Floyd's action is styled as a "Petition For Judicial Review" in which he seeks judicial review, pursuant to Tenn. Code Ann. § 50–7–304(i)(1), of a decision by the Board of Review of the State of Tennessee Department of Labor and Work Force Development ("Board of Review")

---

* The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

denying his claim for unemployment benefits. Floyd states in his petition that he was laid off from employment with Micro Craft in September 1995. He contends that his claim for unemployment benefits was denied and that the decision was upheld after an appeal hearing on January 12, 2001. He alleges that the Board of Review upheld the denial of benefits on March 5, 2001.

In addition to his claim for review of the denial of unemployment benefits, Floyd's petition contains allegations against Micro Craft and Standard for fraud and breach of contract based upon Standard's role as the disability insurance carrier for Micro Craft. Although Floyd alleges that he has been defrauded of benefits, the factual allegations against Standard and Micro Craft and the legal basis for his claims against them are unclear.

Based upon Floyd's allegations concerning a claim for employee benefits, Standard removed the action to the United States District Court for the Middle District of Tennessee, on July 5, 2001, on the ground that Floyd's claim against it involved an action arising under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.

In lieu of answers, the defendants filed separate motions to dismiss. The matter was referred to a magistrate judge who issued a report recommending that: 1) Standard Insurance Company's motion to transfer venue or dismiss Floyd's claims against it be granted; 2) Micro Craft Technology's motion to dismiss all contract and fraud claims be granted; and 3) Michael E. Magill's motion to dismiss be granted to the extent that Magill sought to remand the denial of unemployment benefits claim to the state court. Floyd did not file objections. The district court adopted the magistrate judge's recommendation and dismissed the petition. Plaintiff filed a timely notice of appeal.

Upon review, we affirm the district court's order because Floyd did not file objections to the magistrate judge's report and recommendation. Floyd waived his right to appellate review because he did not file any objections to the magistrate judge's report and recommendation after being expressly advised to do so pursuant to *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). While a waiver may be excused under exceptional circumstances in the interest of justice, *see Thomas*, 474 U.S. at 155 & n. 15, no exceptional circumstances have been cited in this case, and none otherwise appears to exist. Moreover, the district court properly dismissed Floyd's complaint, in any event, for the reasons stated by the magistrate judge in the report and recommendation entered December 6, 2001, as adopted by the district court.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.